IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHOMAS T. WINSTON,

                    Plaintiff,

        v.                                                          ORDER

CHAPLAIN GOFF,                                          23-cv-264-jdp

                    Defendant.

---

Plaintiff Shomas T. Winston is incarcerated at Wisconsin Secure Program Facility and practices Islam. Winston alleges that in early 2023 WSPF's chaplain, defendant Goff, allowed him to attend Jumu'ah service only every other Friday, substantially burdening his religious practice. I allowed Winston proceed on a First Amendment free exercise claim.

The parties each moved for summary judgment. Dkt. 43 and Dkt. 47. In lieu of responding to Winston's summary judgment motion, Goff moved the court to dismiss the case as a sanction for dishonesty and to stay the summary judgment deadlines. Dkt. 57. I will grant the request to stay the summary judgment deadlines and set the matter for an in-person hearing.

I begin with some background. In a previous case, I allowed Winston to proceed on an Eighth Amendment excessive force claim against several WSPF correctional staff members. *Winston v. Kolbo*, 23-cv-9-jdp, Dkt. 8. During discovery, Winston requested sanctions based on the defendants' failure to preserve video of events that allegedly occurred near his observation cell. Winston said that he submitted two written information/interview requests to preserve that video. Defendants, however, said that Winston faked those requests, and they asked me to dismiss the case as a sanction for his dishonesty. After holding an in-person hearing, I granted

the defendants' motion for sanctions and dismissed the case. Dkt. 110 in the '9 case. I determined that the two information/interview requests were fake, and that Winston created them after the fact to support his discovery motions. *Id.* at 2.

In this case, Winston attached three information/interview requests as exhibits 5, 6, and 7 to his brief in support. Dkt. 48-7; Dkt. 48-8; Dkt. 48-9. Winston declared under penalty of perjury that each exhibit is a copy of an information/interview request in which he wrote Chaplain Goff about not being allowed to attend Jumu'ah service, and that he made each copy using carbon paper. Dkt. 48-2 at 2–3. Like the disputed information/interview requests in the '9 case, none of these exhibits contains a response from Goff or any other WSPF staff member. Winston uses exhibits 5–7 primarily to show that Goff was aware of his complaints about not being able to attend Jumu'ah service regularly and downplayed those complaints in other communications with Winston. *See* Dkt. 48 at 17; Dkt. 51 at 5-6; Dkt. 53 ¶ 9. Goff says that he didn't receive any of these information/interview requests. Dkt. 59 ¶ 6.

Fabricating a document to gain a litigation advantage is a serious matter, but I cannot decide that issue on the paper record alone. Therefore, I'll set the matter for an in-person hearing. The sole issue for the hearing will be whether Winston fabricated exhibits 5–7 to try to advance his arguments on summary judgment.

I'll ask the clerk of court to set a hearing date, and to issue a writ of habeas corpus ad testificandum for Winston's appearance. The parties should bring any documents that they possess supporting their version of events. In particular, Winston should bring his carbon copies of the information/interview requests. I expect the state defendants to present the testimony of its declarants, Goff and Andrea Titlbach. The state defendants' witnesses may

testify by videoconference if they prefer. I'll consider requests for any other witnesses to appear by videoconference.

I will strike the pretrial schedule (including the remaining summary judgment deadlines) pending resolution of Goff's motion for sanctions. I will reset the schedule if necessary after I've decided that matter.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to set an in-person hearing to address whether plaintiff Shomas T. Winston has fabricated exhibits 5–7 to Dkt. 48, and to issue a writ of habeas corpus ad testificandum for plaintiff's appearance.

2. The parties' motions for summary judgment, Dkt. 43 and Dkt. 47, are STAYED.

3. The pretrial schedule (with the exception of the trial date) is STRUCK.

Entered May 20, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge